## Norfolk

MARY CHRISTINA O'CONNOR

v.

COMMONWEALTH OF VIRGINIA

No. 2338-91-1

Decided May 25, 1993

COUNSEL

Jean Veness (Office of the Public Defender, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—On appeal from her conviction under Code § 18.2-178, Mary Christina O'Connor contends that the trial court erred: (1) in finding that the set of specifications that she received was a computer software package; (2) in finding that title to the set of specifications passed to her; (3) in finding that she intended to defraud; and (4) in finding that the set of specifications had value. We hold that the set of specifications was not a computer software package and reverse the judgment of the trial court on that ground. It is not necessary that we reach the other issues.

The indictment against Ms. O'Connor specified as follows:

On or about February 1, 1991, did obtain by false pretense or token, with intent to defraud, property, namely: a computer software package, having a value of $200.00 or more, belonging to MicroSystems Technologies, Inc.

In violation of §§ 18.2-178; 18.2-95 of the Code of Virginia (1950) as amended.

Code § 18.2-152.2 defines ''computer software'' as follows:

[A] set of computer programs, procedures and associated documentation concerned with computer data or with the operation of a computer, computer program, or computer network.

The same code section defines ''computer program'' as follows:

[A]n ordered set of data representing coded instructions or statements that, when executed by a computer, causes the computer to perform one or more computer operations.

The evidence established that on January 29, 1991, Ms. O'Connor executed a contract with MicroSystems Technologies, Inc. for the development of a computer software program. Attached to the contract as Exhibit A was a document entitled Specifications and Performance Standards that described the nature of the program to be developed. Upon execution of the contract, and in exchange for a copy of the contract and the attached specifications, Ms. O'Connor gave MicroSystems a check for $25,350, representing the initial payment for development of the program. The check was uncollectable. The set of specifications was the property that the Commonwealth sought to prove that Ms. O'Connor had obtained by fraud. The president of

MicroSystems testified that his delivery of the set of specifications to Ms. O'Connor was conditioned upon receiving the down payment from her. He testified that the set of specifications had commercial value because it could be used by a competing designer to create a computer program. However, the set of specifications was merely a description of the program to be developed. It was not itself something that could be executed by a computer.

The set of documents received by Ms. O'Connor was not a computer program. It was not something that could be executed by a computer, causing the computer to perform a computer operation. Although the documents described a computer program proposed to be created, they did not relate to a program in existence, and, thus, were not documentation associated with a set of computer programs or procedures. Therefore, the set of documents obtained by Ms. O'Connor was not, by definition, computer software and did not constitute property specified in the indictment to have been obtained from MicroSystems Technologies, Inc.

The judgment of the trial court is reversed and the charges are dismissed.

*Reversed and dismissed.*

Koontz, J.,* and Baker, J., concurred.

---

* When the case was argued, Judge Koontz presided. Judge Moon was elected Chief Judge effective May 1, 1993.